IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

LINNIES TYLER JONES,

    Plaintiff,

v.

SGT. CEDERICK FRAZIER; SGT. ROBERT STRICKLAND; LT. STEPHANIE PADGETT,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-45

**O R D E R**

This matter is before the Court on Defendants' First Motion to Dismiss Plaintiff's Complaint filed on March 29, 2016. (Doc. 25.) Additionally, Plaintiff has filed a Motion to Compel. (Doc. 27.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Compel. Further, the Court provides instructions to Plaintiff regarding Defendants' Motion to Dismiss which Plaintiff is ordered to follow.

**I.    Plaintiff's Motion to Compel**

In his Motion to Compel, Plaintiff requests that the Defendants produce the surveillance tape from Glynn County Jail for February 16, 2015. (Doc. 27, p. 1.) Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 5(d)(1), discovery materials, to include Requests for Production of Documents, are not filed with the Court until such time as they are used in the proceeding or the court orders filing. Plaintiff need not come to the Court to request discovery. Rather, he should go to the Defendants directly. The Court in its December 28, 2015 Order and Report and Recommendation previously provided instructions to Plaintiff pertaining to the

litigation of this action including discovery measures. (Doc. 15.) Plaintiff is again urged to carefully read and follow those instructions.

Furthermore, liberally construing Plaintiff's request as a motion to compel rather than a discovery request to Defendant, the Court notes that Plaintiff's motion fails to comply with this Court's Local Rule 26.5. Plaintiff is advised that Motions shall include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Plaintiff has not complied with this requirement. Additionally, Plaintiff has not stated what grounds, if any, he has for the Motion, nor has he provided any reasons which he believes support his Motion. Therefore, the Court has insufficient information to assess the validity of Plaintiff's motion. Moreover, when moving for a motion to compel discovery requests, the movant must certify that he has in good faith conferred or attempted to confer with the person or party that allegedly failed to make the disclosure in an effort to obtain a response without Court action. Fed. R. Civ. P. 37(a)(1). Plaintiff's Motion includes no indication that he sought this information from Defendant before coming to the Court. For these reasons, the Court **DENIES** Plaintiff's Motion.

## II. Instructions to Plaintiff Regarding Defendants' Motion to Dismiss

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. Consequently, the Court is reluctant to rule on the Motion to Dismiss without receiving a response from the Plaintiff or ensuring that Plaintiff is advised of the potential ramifications caused by his failure to respond. Once a motion to dismiss is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiff in this case is a *pro se* litigant. Haines v. Kerner, 404 U. S. 519, 520 (1972). Additionally, when a defendant or

defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiff as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The granting of a motion to dismiss without affording the plaintiff either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336-37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this court,[1] should not in any way serve as a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal. Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006).

Accordingly, Plaintiff is hereby **ORDERED** to file any response in opposition to the Defendants' motion for a dismissal or to inform the court of his decision not to oppose Defendants' motion within twenty-one (21) days of the date of this Order. Tazoe, 631 F.3d at 1336 (advising that a court can not dismiss an action without employing a fair procedure). Should Plaintiff not timely respond to Defendants' motion, the Court will determine that Plaintiff does not oppose the motion and will dismiss Plaintiff's case for failure to prosecute and follow this Court's Orders. See Local Rule 7.5.

To assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby

---

[1] Local Rule 7.5 states, Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. <u>Failure to respond shall indicate that there is no opposition to a motion</u>.

(emphasis added).

instructed to attach a copy Federal Rules of Civil Procedure 41 and 12 to the copy of this Order that is served on the Plaintiff.

**SO ORDERED**, this 28th day of April, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA