# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LINNIES TYLER JONES,

    Plaintiff,

v.

SGT. CEDERICK FRAZIER; SGT. ROBERT STRICKLAND; and LT. STEPHANIE PADGETT,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-45

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' Motion to Dismiss, (doc. 25), Plaintiff's failure to comply with the Court's Order of April 28, 2016, (doc. 29), and Plaintiff's failure to inform the Court, in writing or otherwise, of any new or different address. For the following reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims **without prejudice** for failure to prosecute and failure to follow this Court's Order. I further **RECOMMEND** that the Court **DISMISS** Defendants' Motion to Dismiss as **MOOT** and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

On April 7, 2015, Plaintiff, proceeding *pro se*, filed a Complaint contesting certain conditions of his confinement while he was housed at the Glynn County Detention Center in Brunswick, Georgia. (Doc. 1.) With his Complaint, Plaintiff filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2.) The Court granted that Motion on May 5, 2015. (Doc. 3.) In that

Order, the Court directed Plaintiff to, among other things, inform the Court upon any change in his address and that his failure to do so could result in the dismissal of this action. (Id. at 3.)

On December 28, 2015, I issued an Order and Report and Recommendation following my frivolity review of Plaintiff's Complaint. (Doc. 15.) I directed a copy of Plaintiff's Complaint be served upon Defendants Cederick Frazier, Robert Strickland, and Stephanie Padgett. Id. The Report recommended that claims against all other Defendants should be dismissed. Id. The Court adopted the Report and Recommendation and dismissed all claims except against those against Defendants Cederick Frazier, Robert Strickland, and Stephanie Padgett. (Doc. 17.)

In the Report and Recommendation, the Court provided instructions to Plaintiff regarding the prosecution of this action. (Doc. 15, pp. 9–12.) The Court again emphasized to Plaintiff that he must update the Court regarding any change in his address and that the Court would dismiss his case if he failed to do so. The Court further instructed Plaintiff that, if he "does not press his case forward, the Court may dismiss it for want of prosecution." (Id. at p. 10.) The Court specifically informed Plaintiff of his obligation to respond to a motion to dismiss within 14 days of service of such a motion. (Id. at p. 11.) The Court explained that, should Plaintiff fail to respond to such a motion, the Court will assume that he does not oppose the motion. Id.

Defendants Cederick Frazier, Robert Strickland, and Stephanie Padgett filed a Motion to Dismiss all claims against them on February 29, 2016. (Doc. 25.) The Court again alerted Plaintiff of his obligation to respond to the Motion to Dismiss. (Doc. 29.) The Court explained that, should he fail to respond to the Motion to Dismiss, the Court would presume that Plaintiff does not oppose the Motion. (Id. at p. 3.) In addition, the Court provided Plaintiff with a copy of Federal Rules of Civil Procedure 41 and 12 to ensure that he had full notice of the

2

requirements of the Rules regarding motions to dismiss. Id. On May 10, 2016, the Court's Order was returned to the Clerk of Court as undeliverable. (Doc. 30.) In response, the Clerk again mailed the Order to Plaintiff at Coffee Correctional Facility, an address that Plaintiff included in his Motion to Compel filed on April 27, 2016. (Doc. 27.) However, Plaintiff has entirely failed to respond to Defendants' Motion to Dismiss. Furthermore, Plaintiff has never updated the Court of any change of address.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders and his failure to respond to Defendants' Motion to Dismiss. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims and **DENY** him leave to appeal *in forma pauperis*.

### I. Dismissal for Failure to Prosecute and Follow This Court's Orders

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir.

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff that his failure to inform the Court of any change of his address during the pendency of this cause of action would result in dismissal of this action. (Doc. 3, p. 3.)

3

1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, Plaintiff's failure to prosecute and follow this Court's Orders in this case warrants dismissal of this action without prejudice. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to

comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite having been advised of his obligation to inform the Court upon any change in his address, Plaintiff has failed to do so. See Local Rule 11.1 ("each attorney and pro se litigant has a continuing obligation to apprise the Court of any address change"). Moreover, Plaintiff has not filed any opposition to Defendants' Motion to Dismiss, despite the fact that the Court repeatedly advised him of his obligation to respond and apprised him of the consequences for failing to respond.

Thus, the Court should **DISMISS** Plaintiff's Section 1983 Complaint, (doc. 1), **without prejudice** for failure to prosecute and failure to follow this Court's Orders, and this case should be **CLOSED**.

## II.   Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See

Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directives, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** him *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action, **without prejudice**, and that the Court direct the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal and **DISMISS** Defendants' Motion to Dismiss as **moot.**

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff and Defendants. The Clerk should attempt to serve Plaintiff at Georgia Diagnostic and Classification State Prison, the address which he has on file with the Court, as well as at the address included in his Motion to Compel.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA